Welch, J.
It is, perhaps, not seriously denied, that the interest of the defendant in error in the property was an insurable interest. That it was such, we have no doubt. The ground relied upon for the avoidance of the policy is an alleged breach of warranty, consisting in the fact that the answers given to the questions contained in the written application were not full answers, and also in the fact that they were false.
In regard to the former ground of objection, it seems to us sufficient to say, that 'the receipt of the application, and the issuance of the policy thereupon, was a waiver of the questions in so far as they remained unanswered, and that the policy .cannot, therefore, be avoided by the company on the ground that the answers are not full. The objection should have been made at the time of the receipt of the premium, and the issuance of the policy, or not at all. Had further answers been insisted upon at that time, the applicant would doubtless have given them. To receive his premium, and issue the policy upon the answers as given, and afterward avoid the policy on the ground that the answers were not full, would be to practice a virtual fraud upon the insured.
But are the answers fals.e ? We think not. Taken together, and construed as a whole, they are substantially true. To the question whether he owned the property, the assured *180 answers, “ Yesto the question whether any other person has an interest in it, he answers, “No ;” and to the question whether there are any incumbrances upon it, he answers that it is “ held by contract.”
It is contended that, even admitting the interest of the defendant to be an insurable interest, and that the title of a purchase by mere contract is sufficient to justify a warranty of ownership, yet these answers are false, because they do not disclose the tact that there was a lien for unpaid purchase money, but oil the contrary allege that no other person has an interest in the property. The three answers, it is said, can only be reconciled, and sustained as true, upon the theory that the purchase money had been all paid, and that the equitable title of the defendant was thus made-complete. We do not so understand the answers. The answer which sets forth that the property was “held by contract,” is made in response to the question whether there was any “ incumbrances ” upon the property. We think it was fairly to be inferred from this answer, made in this connection, that there was such an incumbrance as usually exists in such cases, namely, a lien in favor, of the vendor for purchase money. Substantially, the answers amount to this : “ The property is held by contract of purchase merely, and is subject to no incumbrance except what that description of ownership implies ; I am the owner of that title ; and I am the sole owner.” Understood in this sense, the answers are substantially in accordance with the facts of the case.
Judgment affirmed.
Scott, C. J., and White, Day and McIlvaine, JJ., concurred.